76666.0209

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CESAR SALAZAR** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. 5:17-CV-00001 |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **CAROLYN TAUTE** | § | |
| | § | |
| Defendants | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 111TH Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1. On December 15, 2016, Plaintiff Cesar Salazar filed his original petition in the 111TH Judicial District Court, Webb County, Texas captioned *Cesar Salazar v. Travelers Lloyds of Texas Insurance Company and Carolyn Taute*, Cause Number 2016CVF003117 D2 (the "State Court Action").

2. Citation for the State Court Action was issued on December 19, 2016 and served on Defendant Travelers Lloyds of Texas Insurance Company via Certified Mail on December 23, 2016.

76666.0209

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary damages over $100,000.00 but not more than $200,000.00. *See* Exhibit A-1 at paragraph 55. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. On the date of this removal and at all relevant times, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of

76666.0209

Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Defendant Carolyn Taute ("Taute") was improperly joined, and therefore, her citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

9. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

10. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied,* 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood,* 385 F.3d at 573).

11. The claims against Taute are nothing more than boilerplate. The plaintiff's factual allegations were only asserted against Defendant Travelers without alleging any facts attributable to

3

76666.0209

the adjuster individually as opposed to the insurance company. *See TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D.Tex. Nov. 29, 2010). In recent cases, courts have held that an adjuster, like Taute, was improperly joined where the allegations against her were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]; see also *Young v. Travelers Personal Security Ins. Co., et al*, 4:16-CV-235, 2016 WL 4208566 (S.D. Tex August 10, 2016); *Johnson v. The Travelers Home and Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146 (S.D. Tex. July 29, 2016).

      12. In addition, there is no plausible recovery against Taute on the fraud and conspiracy to commit fraud claims alleged against her. A plaintiff alleging fraud is required to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) demands that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Rule 9(b) applies to all averments of fraud, whether they are a claim of fraud or statutory claims based on allegations of fraud. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 789 F.Supp.2d 831, 836 (S.D. Tex. 2011) *citing Lone Star Ladies Inv. Club v. Scholtzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Plaintiff's Original Petition in the State Court Action does not specify any statements that are alleged to be fraudulent, who made the statements, state when and where the statements were made, nor explain why the statements are fraudulent.

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit C.

76666.0209

13. Accordingly, because the allegations against Taute are conclusory and made solely to destroy diversity jurisdiction, Taute's citizenship should be disregarded because she was improperly joined.

14. Taute's consent to this removal is not required because she was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

15. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

16. This Notice of Removal is filed within thirty (30) days after service (on December 23, 2016) by Defendants of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

17. In accordance with 28 USC section 1446 (D), Defendants will promptly give written notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice of Removal in the 111TH Judicial District Court, Webb County, Texas.

18. Defendants reserve the right to amend or supplement this Notice of Removal.

19. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

76666.0209

    (a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

    (b)    a copy of the docket sheet in the State Court Action;

    (c)    a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

    (d)    a separately filed JS-44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 10th January, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
    & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: _____
    ROBERT F. SCHEIHING
    State Bar No. 17736350

ATTORNEY FOR DEFENDANT

76666.0209

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this __10th__ day of January, 2017:

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703

*/s/ Robert F. Scheihing*
ROBERT F. SCHEIHING