# EXHIBIT "A-1"

Filed
12/15/2016 1:21:49 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2016CVF003117D2

CAUSE NO. _____

| | | |
|---|---|---|
| CESAR SALAZAR | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| CAROLYN TAUTE | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CESAR SALAZAR**, complaining of **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY AND CAROLYN TAUTE,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs are residents of Webb County, Texas.

3. Defendant Travelers Lloyds of Texas Insurance Company is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Carolyn Taute is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served at The Travelers Home and Marine Insurance Company's office located at P.O. Box 65100, San Antonio, Texas 78265 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.  The court has jurisdiction over Defendant Travelers Lloyds of Texas Insurance Company (hereinafter "Travelers") because it is a Texas corporation engaging in the business of insurance in the State of Texas and over Defendant Carolyn Taute (hereinafter "Taute") because he is an adjuster for Travelers in Texas.  Venue is proper in this county because the insured property is situated in Webb County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.032.

### IV. FACTS

6. Plaintiffs are the owners of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Travelers.

7. Plaintiffs own the insured property, located at 207 Rio Bravo Dr., Laredo, Texas 78041 (hereinafter referred to as "the Property").

8. Travelers sold the Policy insuring the property to Plaintiffs.

9. On or about March 18, 2016, Plaintiffs sustained extensive physical damage to the insured Property. On March 18, 2016 a strong supercell thunderstorm moved through the Laredo, Texas area producing heavy rains, and damaging wind and hail.

10. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the March 18, 2016 storm.  Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

11. The Plaintiffs reported the damage to the covered Property to the Defendant Travelers.  The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs.  Additionally, the Defendant under-scoped damages during its

inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

13. Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Travelers has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs. Defendant Travelers's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

14. Defendant Travelers has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Travelers's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Travelers's failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Travelers's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Travelers failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant Travelers failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made.

Furthermore, Defendant Travelers did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant Travelers's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Travelers's refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Travelers failed to conduct a reasonable investigation. Specifically, Defendant Travelers performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendant Travelers's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Travelers failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex Ins. Code §542.056.

19. Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

20. Since the date Plaintiffs presented their claim to Defendant Travelers, the liability of Defendant Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Travelers has refused to pay Plaintiffs in full, despite

there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant Travelers's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant Travelers knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

22. As a result of Defendant Travelers's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action against Travelers and Carolyn Taute's Noncompliance with Texas Insurance Code: Unfair Settlement Practices

23. Defendants, Travelers and Taute's, conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Taute, is liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of Travelers, because it is a "person" as defined by TEX. INS. CODE. §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, Travelers and Taute, unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, Travelers and Taute, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, Travelers and Taute's, unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

### Fraud against all Defendant Parties

28. Defendants Travelers and Taute are liable to Plaintiffs for common law fraud.

29. Defendants made material misrepresentations to Plaintiffs as to the extent of their damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages.  Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiffs which Defendants, Travelers and Taute, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements proximately causing Plaintiffs to suffer injury and damages as described herein below.

### Conspiracy to Commit Fraud against all Defendant Parties

31. Defendants Travelers and Taute are liable to Plaintiffs for conspiracy to commit fraud. Defendants Travelers and Taute were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants, Travelers and Taute, committed an unlawful, overt act to further the object of the conspiracy. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST TRAVELERS ONLY

32. Defendant Travelers is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant Travelers's conduct as described *supra* constitutes a breach of the insurance contract made between Travelers and Plaintiffs.

34. Defendant Travelers's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Travelers's insurance contract with Plaintiffs which proximately caused Plaintiffs the loss of the policy benefits.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36.   Defendant   Travelers's unfair   settlement   practice,   as   described   above,   of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant Travelers's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant Travelers's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant Travelers's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant Travelers's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

41. Defendant Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant Travelers's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, request from Plaintiffs all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

**Breach of Duty of Good Faith and Fair Dealing**

43. Defendant Travelers's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant Travelers's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim when Travelers knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiffs' damages as described herein below.

## KNOWLEDGE

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiffs' damages described herein.

## VI. DAMAGES

46. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiffs.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiffs' home substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants', Travelers and Taute's, mishandling of Plaintiffs' claim in violation of the laws set forth above.

48. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

52. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiffs have been required to retain the services of the undersigned attorneys and are entitled to recover their reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiffs are entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000.00 but not more than $200,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendants Travelers and Carolyn Taute

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

58. Please produce all non-privileged emails and other forms of communication between

Travelers, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

59. Produce any complete file (excluding all privileged portions) in Travelers' possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Travelers opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

60. Produce Carolyn Taute's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

61. Produce all emails and other forms of communication between Travelers and Carolyn Taute and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Carolyn Taute's possession. Please produce a privilege log for any items withheld on a claim of privilege.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalves expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show

themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFFS

U.S. POSTAGE >> PITNEY BOWES

ZIP 78040 $ 006.88⁵
02 1W
0001402592 DEC. 20. 2016.

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7015 0920 0000 7495 7510

**Webb**
**County**
DISTRICT COURTS &
COUNTY COURTS AT LAW

ESTHER DEGOLLADO / DISTRICT CLERK
P.O. Box 667
LAREDO, WEBB CO., TEXAS 78042-0667

THIS ENVELOPE CONTAINS

**IMPORTANT**

LEGAL INSTRUMENTS
FOR YOUR SAFEKEEPING

TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY
BY SERVING, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701

78701332 18 C045